UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **Nicholas Conners**,<br>    in his capacity as father and<br>    natural tutor of **Nilijah Conners**,<br><br>                           Plaintiff,<br><br>versus<br><br><br>**James Pohlmann**,<br>    in his official capacity as Sheriff of St. Bernard Parish; **St. Bernard Parish Sheriff's Office**; and **John Doe**,<br><br>                           Defendants. | Civil Action<br><br><br>Number:<br><br><br>Section: |

# COMPLAINT

The complaint of Nicholas Conners, a person of the full age of majority domiciled in the Eastern District of Louisiana acting in his capacity as the father and natural tutor of Nilijah Conners, respectfully states the following:

### Jurisdiction and Venue

1. This action arises under the Constitution of the United States of America, particularly the 8th and 14th amendments; 42 U.S.C. § 1983 and § 1988; and the laws of the State of Louisiana. This Court has original jurisdiction over federal questions under 28 U.S.C. § 1331 and supplemental jurisdiction over related Louisiana state law claims under 28 U.S.C. § 1367.

2. Venue is appropriate in this Court under 28 US.C. § 1391(b)(2) because all the events or omissions giving rise to these claims occurred in this judicial district.

**Parties**

3. Made defendants are

    a. James Pohlmann, in his official capacity as Sheriff of St. Bernard Parish;

    b. The St. Bernard Parish Sheriff's Office, an unincorporated association comprised of the Sheriff, his employees, and others;

    c. John Doe, one or more presently unknown individuals employed as deputies, guards, medical personnel, or in any other capacity in the St. Bernard Parish Prison by James Pohlmann in his official capacity as Sheriff of St. Bernard Parish, both in their individual and official capacities.

4. Nilijah Conners, the minor child on whose behalf this action is brought, is the infant daughter of Nicholas Conners and Nimali Henry, who—at the time of her death—was a nineteen year old african-american woman domiciled in St. Bernard Parish, Louisiana. Nilijah Conners is the sole heir and legal successor of Nimali Henry and has been placed in possession of her mother's estate.

**Facts**

5. On March 21, 2014, Nimali Henry was arrested by deputies employed by James Pohlmann, in his official capacity as Sheriff of St. Bernard Parish, and placed in police custody at the St. Bernard Parish Prison, a facility operated and controlled by the defendants.

6. Before her incarceration, Nimali Henry was diagnosed with a number of life-threatening medical conditions, including Graves Disease and thrombotic thrombocytopenic purpura ("TTP"); was being treated for those conditions; and had been prescribed medications as part of those treatments.

7. During her incarceration, Nimali Henry did not receive her prescription medications or medical care appropriate for her conditions as called for by her physicians or requested by

Nimali Henry.

8. Nimali Henry's medical condition rapidly and obviously deteriorated while she was in the defendants' custody.

9. The defendants were aware of some or all of Nimali Henry's medical needs and observed her deteriorating physical condition. Nevertheless, they refused or neglected to provide her with appropriate medical care.

10. The defendants refused or neglected to transport Nimali Henry to a hospital or other medical facility, even though the St. Bernard Parish Jail did not have the medical staff or facilities to appropriately treat her.

11. Upon information and belief, the defendants placed Nimali Henry in solitary confinement rather than transport her to a hospital. In solitary confinement, Ms. Henry's condition continued to deteriorate.

12. Upon information and belief, Nimali Henry exhibited signs and symptoms consistent with her prior diagnosis of Grave's Disease, TTP, or both.

13. Ten days after her arrest, Nimali Henry died in the St. Bernard Parish Prison.

14. Dr. Samantha Huber, M.D., conducted an autopsy and determined that Nimali Henry died from complications of TTP, including clots in the blood vessels of her lungs and other organs.

### Count One — 42 U.S.C. § 1983

15. Nimali Henry was a citizen of the United States, and all of the defendants are persons for purposes of 42 U.S.C. §1983.

16. 42 U.S.C. §1983 provides, in part, that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,

> privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress …

17. Nimali Henry had a clearly established right under the Eighth and Fourteenth Amendments to the United States Constitution to be free from deliberate indifference to her serious medical needs while incarcerated.

18. The constitutional rights of a pretrial detainee like Nimali Henry flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment and are at least as great as the Eight Amendment protections available to a convicted prisoner.

19. The defendants are not entitled to qualified immunity because their actions violated Nimali Henry's clearly established rights to medical care.

20. By denying Nimali Henry medical care in deliberate indifference to her serious medical needs, defendants violated her constitutional rights under the Eighth and Fourteenth Amendments to the United States Constitution under the color of state law. Accordingly, they are answerable to Nilijah Conners, in her capacity as sole heir and legal successor of Nimali Henry, for damages and attorney's fees under 42 U.S.C. § 1983 and § 1988.

21. James Pohlmann, in his official capacity as Sheriff of St. Bernard Parish, is further liable to the plaintiff under 42 U.S.C. § 1983 because of his policy, practice, and custom of failing to provide adequate medical attention to inmates at St. Bernard Parish Prison, including Nimali Henry. This policy, practice, or custom resulted in deliberate indifference to Nimali Henry's serious medical needs in violation of the Eighth and Fourteenth Amendments to the United States Constitution and was a driving force behind her suffering, injury, and the constitutional violation. Accordingly, James Pohlmann, in his official capacity as Sheriff of St. Bernard Parish, is further answerable to Nilijah Conners, in her capacity as sole heir and legal successor of Nimali Henry, for damages and

attorney's fees under 42 U.S.C. § 1983 and § 1988.

22. The defendants' actions and omissions violated Nimali Henry's constitutional rights and proximately caused her physical pain, emotional suffering, and death.

23. The defendants acted with willful disregard of and indifference to Nimali Henry's rights, and their conduct toward her was wanton, reckless, and outrageous.

### Count Two — Failure to Train & Supervise
### against James Pohlmann, in his official capacity as Sheriff of St. Bernard Parish, and the St. Bernard Sheriff's Office

24. James Pohlmann, in his official capacity as Sheriff of St. Bernard Parish, and the St. Bernard Sheriff's Office are further liable to the plaintiff under 42 U.S.C. § 1983 for their deliberately indifferent policies, practices, habits, customs and widespread usages with respect to the serious medical needs of inmates, including Nimali Henry, and for their deliberately indifferent failures in training and supervising their employees, including John Doe and all other St. Bernard Parish Prison employees.

25. By their complained of series and pattern of intentional actions and inactions, de facto policies, customs, habits, usages, and delegated final decision makers' decisions, the defendants acted in bad faith and with deliberate indifference to the obvious serious medical needs of St. Bernard Parish Prison inmates, including Nimali Henry.

26. Upon information and belief, the defendants knew that potentially serious or fatal consequences could be suffered by inmates, including Nimali Henry, as a result of the defendants' challenged policies and practices and by their failures to properly train jail personnel, supervise medical care, or develop adequate policies regarding medical care.

27. Plaintiff also seeks appropriate declaratory and injunctive relief pursuant to 42 U.S.C. § 1983 to redress the ongoing deliberate indifference in policies, training and supervision with respect to the serious medical needs of patients and inmates in violation of the Eighth and Fourteenth Amendments of the Constitution by James Pohlmann, in his

official capacity as Sheriff of St. Bernard Parish, and the St. Bernard Sheriff's Office.

### Count Three — State Law Claims

28. The actions and omissions of the defendants also constitute negligent or intentional tortious acts or omissions for which they are answerable under Louisiana Civil Code articles 2315, 2315.1, and 2316.

29. The actions and omissions of the defendants also constitute negligent or intentional tortious acts concerning Nimali Henry's medical care, for which Sheriff Pohlmann is answerable under Louisiana Civil Code articles 2315, 2315.1, and 2316.

30. Nilijah Conners is the correct party to bring the survival action under Louisiana Civil Code article 2315.1 as the only child of Nimali Henry.

31. James Pohlmann, in his official capacity as Sheriff of St. Bernard Parish, is vicariously liable for all these actions under the doctrine of *respondeat superior* and Louisiana Civil Code article 2320.

32. Defendants had a duty to provide reasonable medical care and treatment to St. Bernard Parish Jail inmates, including Nimali Henry, and to exercise reasonable care in the training and supervision of their employees.

33. Defendants breached these duties with respect to Nimali Henry and, as a proximate result, she suffered compensable injuries—including physical, emotional, and mental damages; loss of enjoyment of life; the loss of present and future income; and death—attributable to the intentional or negligent acts of John Doe and all other St. Bernard Parish Prison employees taken in the course and scope of their official duties.

34. Nilijah Conners has suffered compensable injuries—including loss of her mother and the relationship with her mother, loss of affection, loss of present and future financial support, care and maternal services, and emotional injuries—attributable to the defendants and their failure to care for her mother appropriately and to her subsequent wrongful death.

The actions of the defendants constitute negligent or intentional tortious acts for which they are answerable under Louisiana Civil Code articles 2315, 2315.1, 2315.2, and 2316.

### Prayer

WHEREFORE, Nicholas Conners, in his capacity as father and natural tutor of Nilijah Conners, prays that after all due process there be judgment in his favor and against each and all defendants jointly, severally, and solidarily for

    a. Compensatory damages in excess of Thirteen Million and no/100 Dollars ($13,000,000.00);

    b. Punitive damages in excess of Five Million and no/100 Dollars ($5,000,000.00);

    c. Attorney's fees;

    d. Costs and expenses of these proceedings; and

    e. Interest.

Nicholas Conners, in his capacity as father and natural tutor of Nilijah Conners, further prays that this honorable Court grant a permanent injunction and corresponding declaratory relief pursuant to F.R.C.P. 57 and 65 compelling James Pohlmann, in his official capacity, and the St. Bernard Sheriff's Office to develop and implement constitutional policies with respect to the training and supervision of deputies and employees in connection with the provision of medical care and treatment of incarcerated persons.

Nicholas Conners, in his capacity as father and natural tutor of Nilijah Conners, further prays for all other appropriate relief at law and equity.

Plaintiff respectfully requests a jury trial on all triable issues.

    Respectfully submitted,

    /s/ Gregory W. Rome

    Gregory W. Rome   (T.A.)
    (LSBA #32665)
    Sharon M. Williams (LSBA #13530)

                                            **Williams & Rome, L.L.C.**
                                            2413 Pakenham Drive
                                            Chalmette, LA 70043
                                            (504) 875-4397
                                            (504) 875-4402 fax

                                            *Attorneys for Nicholas Conners, in his capacity as father and natural tutor of Nilijah Conners*

Dated: January 15, 2015