UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

---------------------------------------------------------------x
NICHOLAS CONNORS, in his capacity as father : 
and natural tutor, and MONIQUE McCOY, and : CIVIL ACTION NO: 2:15-cv-00101
JEFFREY McCOY in their capacity as tutors of :
NILIJAH CONNORS, : JUDGE BARBIER
 :
      Plaintiffs, : MAGISTRATE JUDGE
v. : CURRAULT
 :
JAMES POHLMAN, in his official capacity as :
Sheriff of St. Bernard Parish Sheriff's Office; :
ANDRE DOMINICK, in his individual capacity; :
TIMOTHY WILLIAMS, in his individual capacity; :
DEBRA BECNEL, in her individual capacity; :
LISA VACCARELLA, in her individual capacity; :
and THE PRINCETON EXCESS AND SURPLUS :
LINES INSURANCE COMPANY, :
 :
      Defendants. :
---------------------------------------------------------------x

## REPLY TO SHERIFF POHLMANN'S OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT

### I. INTRODUCTION

Nimali Henry died at the St. Bernard Parish Prison (the "SBPP") in 2014 because she was provided with no medical care whatsoever. There is no dispute that Timothy Williams and Andre Dominick caused her death. Pohlmann opposes the instant motion, but only as to certain aspects of the state law claims. Pohlmann argues that the instant motion is premature, but Pohlmann is already in custody and control of any documents it may believe are exculpatory and is free to attach said documents to its opposition. More importantly, the issues presented in Plaintiffs' Motion for Summary Judgment are strictly legal and, as such, discovery is not needed for the Court to substantively rule on the motion. Finally, Pohlmann's arguments regarding the "unfairness" of the instant motion and claims that Williams and Dominick were not working within the course and scope of their employment are legally insufficient.

1

## II. ARGUMENT

### A. POHLMANN DOES NOT DISPUTE THE §1983 CLAIMS NOR THE *MONELL*[1] CLAIMS.

Pohlmann does not address Plaintiffs' § 1983 claims against Williams and Dominick. As to Plaintiffs' *Monell* claims, Pohlmann claims that Plaintiffs have "produced no evidence that any policy or custom of the Sheriff was the moving force of that constitutional violation."[2] Polmann is correct. However, the only *Monell* aspect for which Plaintiffs move on summary judgment is the third prong of Monell: the "constitutional violation" element. Pohlmann ignores the "constitutional violation" element of Plaintiffs' Monell claims. Summary judgment should be issued for Plaintiff.

### B. PLAINTIFFS' MOTION IS NOT PREMATURE AS POHLMANN HAS ALL THE INFORMATION REGARDING NIMALI HENRY'S DEATH BECAUSE NIMALI HENRY DIED AT THE SBPP.

Pohlmann claims that he is at a disadvantage with respect to defending the instant motion because he "has had absolutely no opportunity to conduct discovery in this matter" and that he "was not a party in the criminal proceedings in this matter nor did he participate in the same."[3] This argument is of no merit because Pohlmann has been in possession of the discoverable information in this case for the past seven years.

Nimali Henry died as a pretrial detainee at the SBPPP in 2014. All the discoverable information regarding her death emanated from the SBPP, including the videos that captured her death and the documents pertaining to her incarceration. Also, Pohlmann had the opportunity to interview his own employees, including Williams and Dominic, regarding Nimali Henry's death.

The overwhelming majority of the discovery from the Criminal Matter was sourced from Pohlmann. In a discovery motion in the Criminal Matter, the US Government stated:

---

[1] *Monell v. Department of Social Services*, 436 U.S. 658 (1978).
[2] Rec. Doc. 71-1 at p. 17.
[3] *Id*. at p. 5.

"On December 22, 2015, the government began providing discovery materials to all defendants, starting with disclosure of approximately 1400 pages of documents, much of it obtained from the SBPSO. Over the following days and weeks, the government has provided all defendants with hundreds of additional pages of documents as well as video and audio recordings. The disclosed materials have encompassed much, but not all, of the materials obtained from the SBPSO, including: log books; officer work schedules; photos of officers; surveillance videos; recordings of Henry's telephone calls; records and the 911 call recording associated with Henry's arrest; standard operating procedures; the SBPSO's contract with a health care provider for medical services at the SBPP; the defendant's personnel file; SBPP officers' interoffice memoranda concerning Henry; records showing what officers were working at the SBPP during Henry's incarceration; crime scene reports; crime scene photographs; the incident report related to Henry's death; visitation forms related to Henry; Henry's intake medical questionnaire; written requests for medical attention for Henry; training materials; a layout of the SBPP; a monitoring report of the SBPP; SBPP guidelines; paperwork associated with an inspection of the SBPP."[4]

Pohlmann claims that it "was not a party to the criminal proceedings in this matter nor did he participate in same."[5] While Pohlmann was not a party to the Criminal Matter, it is clear that it did *participate* in the criminal matter by providing nearly all of the discoverable material. Thus, Pohlmann already has all the information it needs to defend the instant motion. Pohlmann claims that "Because plaintiff's [sic] Motion for Partial Summary Judgment was filed prior to any discovery being conducted, defendant has been deprived of the opportunity to cite any materials in the record such as depositions, documents, and interrogatory answers because none of those materials are in the record yet."[6] There is no Rule of Federal Procedure that states a document must be "in the record" to be used as an attachment in opposition to a motion summary judgment. Pohlmann is free to attach any document or affidavit to its opposition, whether it has been produced in discovery or not. The Rules of Federal Procedure do not stand for the proposition that producing a document in discovery transforms that document as a "document in the record." If Pohlmann has a document that is exculpatory, there is nothing stopping it from attaching it to its opposition.

---

[4] *USA v. Dominick, et al.,* EDLA No. 2:15-cr-289-ILRL-DM., Rec. Doc. 61-1.
[5] Rec. Doc. 71-1 at p. 5.
[6] *Id*. at p. 6.

3

Moreover, the questions in the instant motion are strictly issues of law: Given the facts conclusively established in the Criminal Matter, are the elements of negligence and § 1983 established as to Dominick and Williams? These questions of law do not require discovery and are resolvable by the Court now. To obtain relief under Rule 56(d), the nonmovant must demonstrate two things: "1) why he needs additional discovery, and 2) how the additional discovery will likely create a genuine issue of material fact."[7] Pohlmann does not explain how additional discovery would impact the strictly legal inquiry in the instant motion. Plaintiffs only seek summary judgment to Pohlmann as to whether there was a Constitutional injury and vicarious liability. Both can answered through legal assessment of the Factual Basises. Pohlmann has not shown why it needs discovery and how the discovery will likely create a genuine issue of material fact.

    C.  COLLATERAL ESTOPPEL IS APPLICABLE IN THIS MATTER

The Factual Basises are binding, and the use of collateral estoppel is fair.

    1.  The Factual Basises are Binding.

Pohlmann claims that the Factual Basises do not apply to the case at bar. *First*, Pohlmann points to a paragraph in each Basis that they are "offered for the limited purpose of establishing a sufficient factual basis … and therefore do not describe all details of the offense…"[8] Pohlmann interprets this mean that the Factual Bases should be "limited" to use in the Criminal Matter.[9] But Pohlmann fails to thoroughly assess the statement: These paragraphs merely clarify that the Factual Basises are "limited" in the sense that they are not a complete retelling of *every* fact of the offense. They are not a "disclaimer" that the Basises cannot be used outside of the Criminal Matter. It is

---

[7] *Chenevert v. Springer*, 431 F. App'x 284, 287 (5th Cir. 2011) (citing *Stearns Airport Equip. Co. v. FMC Corp.*, 170 F.3d 518, 534 (5th Cir. 1999)).
[8] Rec. Doc. 71-1 at p. 7.
[9] *Id*. at p. 7-8.

well established that a judgment of conviction entered upon a plea of guilty is not hearsay, and may be admissible as substantive evidence to prove any fact essential to sustain the judgment.[10] Pohlmann cites no federal rule or statute—because there is none—which provides that the clarifying statements have any legal significance other than to establish that Dominick and Williams may know more about the crimes they committed than are in the Factual Basises.

*Second*, Pohlmann claims that "judicial admissions" are not conclusive and binding in a separate case. Said issue is not before the Court. Plaintiffs did not argue that the Factual Basises were "judicial admissions" and therefore should be binding on the Defendants. Rather, Plaintiffs cited FED R. EVID. 801(d)(2)(B), which applies to a factual basis accompanying a guilty plea when offered against the defendant who signed it. *See U.S. v. Perry*, No. 15-CR-154, slip op. 3 (E.D. La. Feb. 2, 2016). If a civil suit is filed on the heels of a criminal conviction, "the general rule is that collateral estoppel applies equally whether the prior criminal adjudication was based on a jury verdict or a guilty plea." *Brazzell v. Adams*, 493 F.2d 489, 490 (5th Cir. 1974). "Because of the existence of a higher standard or proof and greater procedural protection in a criminal prosecution, a conviction is conclusive as to an issue arising against the criminal defendant in a subsequent civil action." *United States v. Thomas*, 709 F.2d 968, 972 (5th Cir. 1974).

    2. <u>Applying Collareral Estoppel for the State Law Claims in this Matter is Fair.</u>

Pohlmann claims it would be unfair to apply collateral estoppel to the state law claims because for several reasons. *First*, Pohlmann cites the complexities involved with a negligence matter. However, the death of Nimali Henry was not complex at all, nor was the duty for which she was owed by Pohlmann. As stated in the instant motion, both Dominick and Williams admitted

---

[10] FED.R.EVID. 803(2); see also *Dunham v. Pannell*, 263 F.2d 725, 730 (5th Cir.1959) (evidence of criminal judgment may be used to prove "the truth of the facts alleged or implicit in the criminal charge on which the judgment is based").

that it was foreseeable that their conduct would result in Nimali Henry's physical injury and death, and that their conduct did in fact result in Nimali Henry's physical injury and death.[11] Plaintiffs alleged that, as correctional officers, Williams and Dominick had a duty to exercise due care and diligence to ensure that inmates were provided with timely and adequate medical treatment.[12] Dominick breached his duty of care to Nimali Henry by failing to secure medical attention for Nimali Henry to address her serious medical conditions.[13] Williams also breached his duty of care to Nimali Henry by failing to take reasonable measures to address her serious medical conditions.[14] Thus, Williams and Dominick's duty to Nimali Henry and breach of that duty are identical to the issues underlying their criminal conviction under § 242 for deliberate indifference to Nimali Henry's serious medical needs.

*Second*, Pohlmann claims that these elements of negligence were not fully and vigorously litigated in the Criminal Matter - without any citation to the record in the Criminal Matter. Plaintiffs seek to hold Pohlmann liable under the state law of wrongful death and survival for (1) vicarious liability; and (2) Pohlmann's own acts of negligence. Plaintiffs only seek summary judgment on the issue of vicarious liability. Pohlmann's arguments regarding Pohlmann's own acts of negligence are not currently before this Court and are therefore moot.

Further, the duty owed to Nimali Henry as well as the breach of that duty were spelled out clearly in the respective Factual Bases. It is of no moment that Williams pled guilty prior to the trial in this matter and that Dominick shot himself in the stomach, causing a mistrial before he

---

[11] Rec. Doc. 52-4 at p. 8; Rec. Doc. 52-5 at p. 6.
[12] Rec. Doc. 52-4 at p. 2; Rec. Doc. 52-5 at p. 2.
[13] Rec. Doc. 52-5 at p. 5.
[14] Rec. Doc. 52-4 at p. 8.

could put on his defense. The Criminal Matter was clearly fully litigated – it ended in four guilty pleas with each SBPP guard serving prison time.

Issue preclusion can pertain to either an issue of law or fact.[15] In seeking partial summary judgment, Plaintiffs rely on the numerous *facts* which were fully litigated and established in the criminal action. Whether those conclusively established facts constitute negligence was not decided in the Criminal Matter. This Court must decide whether those established facts satisfy the five elements of negligence, as a matter of law. But issue preclusion applies "even if the issue recurs in the context of a different claim."[16] That is to say: Dominick and Williams cannot re-litigate the established facts, but they can argue whether those facts constitute negligence.

Plaintiffs' argument is simple: Having proven that Williams and Dominick owed Nimali Henry a legal duty—and having established that Williams and Dominick breached that duty through deprivation of Nimali Henry's civil rights—there is no legal dispute that Williams and Dominick's violated Louisiana Civ. Code art. 2315.1 and 2315.2. As correctional officers, Williams and Dominick had a duty to exercise due care and diligence to ensure that inmates were provided with timely and adequate medical treatment.[17] Dominick and Williams do not contest that the established facts satisfy the elements of 2315.1 and 2315.2. Likewise, Pohlamnn offers no argument in rebuttal. "While statutory violations are not in and of themselves definitive of civil liability, they may be guidelines for the court in determining standards of negligence by which

---

[15] "Issue preclusion ... bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 748–49, 121 S.Ct. 1808, 149 L.Ed.2d 968 (2001)).
[16] *Id.*
[17] Rec. Doc. 52-4 at p. 2; Rec. Doc. 52-5 at p. 2.

civil liability is determined."[18] Plaintiffs have proven that Dominick and Williams owed Nimali Henry a duty, breached that duty, and committed an egregious statutory violation. This Court is obligated to assess whether the established facts satisfy the elements of 2315.1 and 2315.2. Defendants offer no argument that there is a genuine issue of material fact whether Dominick and Williams' committed negligence.

*Third*, Sheriff Pohlmann points to its affirmative defense that Nimali Henry's death was somehow caused by the acts and omissions of third parties – without even identifying whom those third parties *might* be. Sheriff Pohlmann claims that it should be able to conduct discovery for these unidentified third parties, but it is clear from the Factual Basises that Nimali Henry was incarcerated on March 21, 2014 and died on April 1, 2014.[19] Nimali Henry was under the care and control of Sheriff Pohlmann for ten full days. It is unclear as to whom Sheriff Pohlmann could be pointing to when he claims that unknown third parties may have caused Nimali Henry's death.

*Fourth*, Pohlmann makes a general fairness argument that it was not a party to the Criminal Matter. Again, nearly all of the discovery in the Criminal Matter emanated from Pohlmann. If Pohlmann has any documents or affidavits it would like to use to defeat the instant motion, it was free to attach them to its opposition. Instead, Pohlmann has objected to the timing of the instant motion, without giving any specifics as to why it believes it was filed prematurely. Pohlmann has had seven years to prepare for the instant lawsuit. Its claims for more time are unavailing.

D. <u>WILLIAMS AND DOMINICK WERE ACTING WITHIN THE COURSE AND SCOPE OF THEIR EMPLOYMENT AT THE SBPP.</u>

Pohlmann argues that when Williams and Dominick ignored Nimali Henry's pleas for medical attention, they were not acting within the course and scope of their employment. In

---

[18] *Smolinski v. Taulli*, 276 So.2d 286, 289 (La.1973).
[19] Rec. Doc. 52-4 at p. 1; Rec. Doc. 52-5 at p. 1.

*LeBrane v. Lewis*, 292 So.2d 216 (La.1974), the Louisiana Supreme Court set out four factors to be considered in determining whether an employee was acting in the course and scope of his employment when he committed an intentional tort. The four *LeBrane* factors were cited by the court in *Miller v. Keating*, 349 So.2d 265 (La.1977) as:

> "(1) whether the tortious act was primarily employment rooted: (2) whether the violence was reasonably incidental to the performance of the employee's duties; (3) whether the act occurred on the employer's premises; and (4) whether it occurred during the hours of employment."

Here, Dominick and Williams' actions were primarily employment rooted. When Williams placed Nimali Henry in a holding cell, he knew that this was often used as a punitive measure.[20] Williams did this in anticipation that the placement may discourage Nimali Henry from making future medical complaints.[21] Williams watched videos of Nimali Henry while at the SBPP; Williams, allowed a relatively new correctional officer without POST training to monitor Ms. Henry, who was naked, facedown and motionless on the floor. All of these acts occurred Pohlmann's premises, occurred during the hours of employment, and were incidental to the performance of Williams' job as a correctional officer.

The Sheriff points to the facts that Williams admitted to mocking Ms. Henry and Williams and Dominick ignored their training. Pohlmann cites *Baumeister v. Plunkett*, 95–2270 (La.5/21/96) 673 So.2d 994, where the court held an employer was not vicariously liable for a sexual attack by one employee on another that occurred during working hours. Applying the *LeBrane* factors, the court found the assault was not within the scope of the attacker's employment and that the conduct was neither primarily employment rooted nor reasonably incidental to the performance of the employee's duties. The court evaluated numerous cases where the conduct was motivated by

---

[20] *See* Ex. A, p. 5.
[21] *See* Ex. A, p. 5.

9

"purely personally considerations" and held that the vicious rape was extraneous to the employer's interests. Here, Williams and Dominick breached their training, but their actions were not extraneous to the employer's interests. To the contrary, Williams and Dominick were on the clock, working at a prison owned by their employer, they were monitoring Ms. Henry using their employer's security systems and rookie deputies, and they took actions to deter Nimali Henry from making medical complaints. Deterring an inmate from making a medical complaint does not satisfy a prurient and personal interest, as a rape would. To the contrary, it benefits the employer by cutting down on expenses associated with medical care for the inmate.

Nor is it fair to say that Williams and Dominick were not serving the interests of their employer. In context, Dominick was a Captain[22], a superior officer. *He was the employer*. Williams and Dominick knew they were violating their training, but their actions were primarily employment rooted, were incidental to the performance of their duties, occurred on the employer's premises, and occurred during the hours of employment. There is no material dispute as to whether Williams and Dominick were within the course and scope of their employment.

### III. CONCLUSION

Accordingly, Plaintiffs pray that summary judgment be granted in their favor.

Respectfully Submitted,

By:/s/ Andrew D. Bizer
BIZER & DeREUS, LLC
Andrew D. Bizer, Esq. (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus, Esq. (LA # 35105)
gdereus@bizerlaw.com
Emily A. Westermeier (LA # 36294)
ewest@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing pleading has been served on all counsel of record on May 4, 2021, by ECF. I further certify that the foregoing pleading has been delivered via US Mail to Timothy Williams as he is currently not represented by legal counsel.

By:/s/ Andrew D. Bizer
**ANDREW D. BIZER**

---

[22] Rec. Doc. 52-5 at p. 2.