UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NICHOLAS CONNERS                           CIVIL ACTION

VERSUS                                     No. 15-101

JAMES POHLMANN, ET AL.                     SECTION: "J"(2)

## ORDER & REASONS

Before the Court are a *Motion for Summary Judgment* **(Rec. Doc. 52)** filed by Plaintiffs Nicholas Conners, Monique McCoy, and Jeffrey McCoy ("Plaintiffs"), and a *Rule 56(d) Motion to Defer Consideration of Plaintiffs' Motion for Summary Judgment* **(Rec. Doc. 70)** filed by Defendant Princeton Excess and Surplus Lines Insurance Company ("PESLIC"). Additional memoranda have been filed by Plaintiffs (Rec. Docs 76, 85, 92), James Pohlmann and St. Bernard Sheriff's Office (Rec. Doc. 71, 82, 90), and PESLIC (Rec. Docs. 69, 87); however, Defendants Andre Dominick and Timothy Williams[1] have not filed oppositions. Having considered the motions and memoranda, the record, and the applicable law the Court finds that Plaintiffs' *Motion for Summary Judgment* is **GRANTED** and PESLIC's *Rule 56(d) Motion* is **DENIED**.

---

[1] Williams is currently not represented by counsel; his prior counsel withdrew due to a conflict of interest on March 17, 2021. (*See* Rec. Docs. 46, 47).

## FACTS AND PROCEDURAL BACKGROUND

This litigation arises from the death of Nimali Henry, who was nineteen years old and a pretrial detainee in the custody of the St. Bernard Parish Sheriff's Office when she died on April 1, 2014. Subsequently, Defendants Dominick and Williams eventually pleaded guilty to one count of deprivation of rights under color of law resulting in bodily injury or death, in violation of 18 U.S.C. § 242. They were sentenced on March 11, 2021.

On March 18, 2021, Plaintiffs moved for summary judgment on the following claims: (1) their 42 U.S.C. § 1983 claim against Williams and Dominick for deliberate indifference to Henry's medical needs; (2) their state law wrongful death and survival claims against Williams and Dominick; (3) their state law vicarious liability claims against Defendant James Pohlmann, in his official capacity as the St. Bernard Parish Sheriff; and (4) the constitutional violation element of their municipal liability claim against Defendant Pohlmann **(Rec. Doc. 52)**.

On April 27, 2021, Sheriff Pohlmann filed an opposition **(Rec. Doc. 71)**; and PESLIC filed both an opposition to partial summary judgment **(Rec. Doc. 69)** and a motion to deny or defer the summary judgment under Rule 56(d) **(Rec. Doc. 70)**.

Plaintiffs filed multiple replies to the oppositions and the Rule 506(d) motion **(Rec. Docs. 74, 75, 76, 94)**. Sheriff Pohlmann filed two oppositions **(Rec. Doc. 82, 90)**. PESLIC filed two oppositions **(Rec. Doc. 69, 89)**.

## PARTIES' ARGUMENTS

Plaintiffs' motion turns on the application of offensive collateral estoppel. They rely on the factual bases signed by Dominick and Williams and entered in their criminal cases, although they argue that their motion for summary judgment tackles a purely legal question not a factual one.

PESLIC contends that collateral estoppel does not apply to Plaintiffs' state law claims because negligence was not at issue in the criminal case. PESLIC additionally has moved under Rule 56(d) for additional time for discovery before ruling on Plaintiffs' motion. Similarly, Pohlmann also contends that Plaintiffs' motion is premature because he has not had a chance to conduct any discovery and that collateral estoppel does not apply to the state law claims.

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.,* 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but a party cannot defeat summary judgment with conclusory allegations or

3

unsubstantiated assertions. *Little*, 37 F.3d at 1075. A court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the moving party bears the burden of proving the dispositive issue at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.,* 939 F.2d 1257, 1264-65 (5th Cir. 1991). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

## DISCUSSION

Collateral estoppel, also known as "issue preclusion," precludes litigating an issue if the identical question has been litigated in a prior suit which could not have been decided without its resolution. *See Bradberry v. Jefferson Cnty.*, 732 F.3d 540, 548-49 (5th Cir. 2013). Offensive use of collateral estoppel occurs when the plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 356 (1979).

It is well established that a prior criminal conviction may work as an estoppel against the defendant in a subsequent civil proceeding. *Emich Motors Corp. v. Gen. Motors Corp.*, 340 U.S. 558, 568 (1951). "Because of the existence of a higher standard of proof and greater procedural protection in a criminal prosecution, a conviction is

4

conclusive as to an issue arising against the criminal defendant in a subsequent civil action." *United States v. Thomas*, 709 F.2d 968, 972 (5th Cir. 1983). It is immaterial that the convictions were a product of a plea deal because collateral estoppel applies equally for decisions reached by jury verdict or guilty pleas. *State Farm Fire & Cas. Co. v. Fullerton*, 118 F.3d 374, (5th Cir. 1997); *Brazzell v. Adams*, 493 F.2d 489, 490 (5th Cir. 1974).

To apply collateral estoppel offensively, the plaintiff must show that four conditions are met: "(1) the issue under consideration is identical to that litigated in the prior action; (2) the issue was fully and vigorously litigated in the prior action; (3) the issue was necessary to support the judgment in the prior case; and (4) there is no special circumstance that would make it unfair to apply the doctrine." *Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 391 (5th Cir. 1998). The Supreme Court has set out three special circumstances that would make issue preclusion unfair: (1) the plaintiff easily could have joined the previous action but chose not to; (2) the defendant had little incentive to defend vigorously; and (3) the judgment upon which the plaintiff seeks to rely is itself inconsistent with a previous judgment in favor of the defendant. *Parklane Hosiery*, 439 U.S. at 330-31. Courts have broad discretion to determine whether the offensive collateral estoppel bar should apply. *Id.* at 331.

## I.    § 1983 CLAIMS AGAINST DOMINICK AND WILLIAMS

Plaintiffs contend that the factual issues essential to the federal criminal convictions of Williams and Dominick under 18 U.S.C. § 242 are established for purposes of this motion under the doctrine of collateral estoppel. PESLIC argue that

the Court should deny or defer this motion, because they have not had the opportunity to review the video evidence, go over transcripts from the criminal case, or depose witnesses in order to create a strong opposition based on the facts.

However, this is not a determination of what happened in St. Bernard Parish Prison. Rather, this is a determination of four solely legal questions: (1) are the issues underlying § 242 and § 1983 identical? (2) was the issue fully and vigorously litigated in the prior action? (3) was the issue necessary to the § 242 action? and (4) is preclusion fair under the Parklane circumstances? If the answer is yes to all four questions, then collateral estoppel applies.

The first element of collateral estoppel is easily established: § 1983 and § 242 are generally considered analogues. *See Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 214 n.23 (1970) (explaining that the "linguistic differences" between § 1983 and § 242 "have not been thought to be substantive"); *Fundiller v. City of Cooper*, 777 F.2d 1436, 1439 (11th Cir. 1985) (describing § 242 as "the criminal counterpart to section 1983"); *United States v. Stokes*, 506 F.2d 771, 776 (5th Cir. 1975) (describing § 1983 as "the civil counterpart to § 242"). Thus, the issues are identical. In order to prevail under § 1983, "a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013). Similarly, to prove a violation of § 242, "the government must prove beyond a reasonable doubt that the defendant: (1) willfully; (2) deprived another of a federal right; (3) under color of law." *United States v. Moore*, 708 F.3d

6

639, 645 (5th Cir. 2013). Further, the elements of deliberate indifference are identical in the civil and criminal contexts.[2] *Compare Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996) (en banc) (civil), *with United States v. Hickman*, 766 F. App'x 240, 252 (6th Cir. 2019) (criminal).

In the prior criminal action, Williams and Dominick were charged under 18 U.S.C. § 242 and pled guilty to willfully depriving Nimali Henry of her 14th Amendment right to due process by being deliberately indifferent to her serious medical needs, which resulted in her death.[3] In the § 1983 claim at hand, Plaintiffs allege that Williams and Dominick met Nimali Henry's serious medical needs with deliberate indifference in violation of the 14th Amendment's Due Process clause. Thus, the present issue under consideration is identical to that litigated in the prior criminal action.

Second, the issues were fully and vigorously litigated in the prior criminal litigation. The criminal action took years and the trial was continued six times before guilty pleas were entered. In the three years between indictment and guilty pleas, the action entailed over one hundred discovery-related pleadings and orders. The

---

[2] Section 242 also requires proof of "willfulness," which is "independent of the 'deliberate indifference' standard . . . require[d] for a violation of the due process right to medical care while in custody." *United States v. Gonzales*, 436 F.3d 560, 569 n.5 (5th Cir. 2006), *abrogated on other grounds by United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir. 2014) (en banc). "For a § 1983 claim the plaintiff need prove deliberate indifference, because that much is required to prove a violation of the due process right. However, for a § 242 claim, the prosecution must also prove that the defendant acted willfully." *Id.*

[3] Incarcerated people have the constitutional right "not to have their serious medical needs met with deliberate indifference." *Thompson v. Upshur Cnty.*, 245 F.3d 447, 457 (5th Cir. 2001) (citing *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)).

defense provides no facts to the contrary. Thus, there can be no dispute that the issue presently under consideration was fully and vigorously litigated in the prior action.

Third, the issues were necessary to the prior action. The deprivation of a federal constitutional right is an essential element to both § 242 and § 1983. Because § 242 required the determination that Williams and Dominick violated Henry's right to not have her serious medical needs met with deliberate indifference, the issue was necessary to support both Dominick's and Williams's criminal conviction.

Finally, relying on the *Mitchell* court's reasoning, none of the special circumstances set forth in *Parklane Hosiery* are applicable here. *See Mitchell v. City of New Orleans*, 2016 U.S. Dist. LEXIS 72739, *12-13 (E.D. La. June 3, 2016). All elements are met and there is no genuine dispute as to the material facts. Accordingly, collateral estoppel applies here, and Plaintiffs are entitled to summary judgment on their § 1983 claims against Dominick and Williams.

## II. WRONGFUL DEATH AND SURVIVAL CLAIMS AGAINST DOMINICK AND WILLIAMS

Plaintiffs also move for summary judgment against Williams and Dominick on their state law claims for wrongful death and survival.

First, the underlying issues in Article 2315 are identical to the issues in § 242. In Louisiana, if an actor causes another person damage, the at fault actor is obliged to repair it. La. Civ. Code art. 2315. "Under this article, a person may recover damages for injuries caused by a wrongful act of another[;] furthermore, Louisiana embraces a broad civilian concept of 'fault' that encompasses liability based on

negligence or intentional misconduct." *Mitchell*, 2016 U.S. Dist. LEXIS 72739, *13-14 (citing *Landry v. Bellanger*, 851 So. 2d 943, 949 (La. 2003)).

In *Mitchell*, the Court found that prior criminal litigation under § 242 precluded Defendants from relitigating Plaintiffs' state law claims. *Id.* Plaintiffs alleged excessive force, which is analyzed under Louisiana's general negligence duty/risk analysis. *Id.* at 14. Based on Defendant's prior criminal conviction, the Court found that Defendant acted below the reasonable standard of care and victim's death was proximately caused by and the foreseeable result of the Defendant's breach. *Id.* at 15-16 (citing *United States v. Moore*, 708 F.3d 639, 646 (5th Cir. 2013)). As a result, the Court determined "the doctrine of collateral estoppel is equally applicable to Plaintiffs' pendent state law claims [as to the § 1983 claim]." *Id.* (citing *Vela v. Alvarez*, 507 F. Supp. 887, 889-91 (S.D. Tex. 1981) (finding police's § 242 criminal conviction offensively precluded Defendant from relitigating Plaintiff's subsequent state law claims of assault and battery)).

Comparably, in this case, Dominick's and Williams's prior criminal conviction under § 242 precludes them from relitigating Plaintiffs' state law claims. As established under § 242 and § 1983, Williams and Dominick had a duty to not be deliberately indifferent to Henry's serious medical needs. They breached that by ignoring her pleas for medication and refusing to seek medical attention on her behalf, which proximately and foreseeably caused her death. Therefore, collateral estoppel is equally applicable to Plaintiffs' state law claims in this case.

Second, as explained above, Williams and Dominick fully and vigorously litigated the issues in the prior criminal proceeding. Third, Williams and Dominick's

breach of their constitutional duty to reasonably provide Henry with timely and adequate medical treatment was essential to their conviction under § 242. Without breach of their duty, Williams and Dominick would not have been convicted of violating Henry's civil rights under § 242. Fourth, there no special circumstances present that would trigger the Parklane exceptions.

### III.   VICARIOUS LIABILITY OF SHERIFF POHLMANN

Next, Plaintiffs move for summary judgment against Sheriff Pohlman on their wrongful death and survival actions via the theory of vicarious liability.

Under Louisiana law, municipalities are not afforded special protection and they are subject to respondeat superior liability for the tortious acts of their employees. *Deville v. Marcantel*, 567 F.3d 156, 174-74 (5th Cir. 2009). As is defined in Louisiana Civil Code art. 2320, "employers are answerable for the damage occasioned by their [employees], in the exercise of the functions in which they are employed." La. Civ. Code. Art. 2320. Various liability is imposed upon an employer without regard to its own negligence or fault. *Buford v. Williams*, 11-568 (La. App. 5 Cir. 2/14/12, 88 So.3d 540, 547, writ denied, 12-0624 (La. 4/27/12), 86, So.3d 630.

For employer liability to attach, there must be an employment relationship and the tortious act must be committed within the scope and course of employment. *E.g., West v. Rieth*, 152 F. Supp. 3d 538, 547, 2015 U.S. Dist. LEXIS 171413, *19 (E.D. La. 2015). There are four factors to consider when determining vicarious liability: "(1) whether the tortious act was primarily employment rooted; (2) whether the tortious act was reasonably incidental to the performance of the employee's duties; (3)

whether the act occurred on the employer's premises; and (4) whether it occurred during the hours of employment." *Mitchell*, 2016 U.S. Dist. LEXIS 72739, *18-19; *see Orgeron v. McDonald*, 639 So. 2d 224, 226-27 (La. 1994). Negligence cases look at the employee's activities at the time of the accident in general, while intentional torts require the tortious act itself to be in the scope of employment. *See Ermert v. Hartford Ins. Co.*, 559 So. 2d 467, 477-478 (La. 1990). However, an act may still be in the scope of employment, even if it is forbidden or somewhat removed from usual duties. *Lebrane v. Lewis*, 292 So.2d 216 (La. 1974); *Applewhite v. Baton Rouge*, 380 So. 2d 119, (La. 1st Cir. 1979).

In this case, Williams and Dominick were correctional at St. Bernard Parish Sheriff's Office, where Pohlmann served as sheriff. Williams and Dominick had a duty to take care of Henry and not be deliberately indifferent to her serious medical needs. They made decisions to ignore her pleas and isolate her without care, which was within their official discretion as correctional officers. There is no question that Henry died because of their choices as professionals to breach their duty. All of this occurred at the St. Bernard Jail while they were on duty. Their deliberate indifference to Henry's medical needs occurred within the course and scope of their employment. Thus, Pohlmann is vicariously liable for the state law claims against Dominick and Williams.

## IV.  MUNICIPAL LIABILITY CLAIM

Finally, Plaintiffs move for summary judgment on part of their § 1983 *Monell* claim against Sheriff Pohlmann. Municipal liability under § 1983 requires "(1) an

official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Mitchell*, 2016 U.S. Dist. LEXIS 72739 (La. E.D. 2016) (*citing Valle. v. City of Houston*, 613 F.3d 536, 541 (5th Cir. 2010). Here, like in *Mitchell v. City of New Orleans*, Plaintiffs move for a partial summary judgment solely on the "constitutional violation" component of *Monell's* third element.

As stated in Part I of the Discussion, Plaintiffs established Williams and Dominick violated Nimali Henry's 14th Amendment right to due process by being deliberately indifferent to her serious medical needs, which is a constitutional violation. Based on the reasoning in *Mitchell vs. City of New Orleans*, Plaintiffs are entitled to a partial summary judgment for the "constitutional violation" component of the third element. *See* 2016 U.S. Dist. LEXIS 72739, *26.

### V. 56(D) MOTION

PESLIC moved for the Court to deny or defer the Motion for Partial Summary Judgment under Rule 56(d). Rule 56(d) allows the court to defer consideration of a motion if the nonmovant demonstrates that "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. Pro. 56(d). At the time of the motion, PESLIC claims there was no discovery conducted, which renders summary judgment unfair.

First, this point is moot, because Plaintiffs filed this motion for summary judgment in March 2021, so there has been sufficient time to conduct discovery. Second, new information is not necessary to decide on the present *Motion for Partial*

*Summary Judgment.* Whether collateral estoppel applies is a legal inquiry, not a factual one. Even if new evidence might change the outcome of a case, preclusion still applies. *Saylor v. United States*, 315 F.3d 664, 668 (6th Cir. 2003); *see also Ripplin Shoals Land Co., LLC v. U.S. Army Corps of Engineers*, 440 F.3d 1038; 1042 (8th Cir. 2006). The Fifth Circuit explains, "[if] simply submitting new evidence rendered a prior decision factually distinct, [preclusion] would cease to exist, and the application process would continue *ad infinitum*." *Torres v. Shalala*, 48 F.3d 887, 894 (5th Cir. 1995). More discovery is not needed, because new facts are not relevant to determining whether a matter is precluded.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendants' Motion Under Rule 56(d) is **DENIED.**

New Orleans, Louisiana, this 19th day of October, 2021.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE